Robert E. McKELVEY, Jr.

v.

MARRIOTT CORPORATION, etc., et al.

Civ. A. No. M–78–189.

United States District Court,
D. Maryland.

April 1, 1980.

J. Edward Davis, Daniel T. Doherty, Jr., and Steven K. Fedder, Baltimore, Md., for plaintiff.

B. Ford Davis, John H. Mudd, H. Thomas Howell, Sidney G. Leech, James R. Tyler, Baltimore, Md., and Charles A. Trainum, Jr., Washington, D. C., for defendants.

**346**

## MEMORANDUM AND ORDER

JAMES R. MILLER, Jr., District Judge.

Defendants Marriott, Cimetta, Gaal and Shoemaker have filed a Supplemental Motion for Summary Judgment in this matter (Paper 182) as to certain overt acts alleged to have been committed in furtherance of the conspiracy to defame alleged in Count I.[1] The basis of this motion is that the Court has already granted summary judgment as to the substantive defamation counts based on these statements and that, therefore, these statements cannot constitute overt acts in furtherance of a civil conspiracy to defame.

Examination must first be made of defendants' argument with respect to those statements as to which the substantive counts were dismissed because they were not published or were non-defamatory.[2] The court will then consider those statements as to which the substantive counts were dismissed by reason of the statute of limitations.[3]

### I. Allegations Dismissed Because Statements Not Published or Non-defamatory

The defendants maintain that the court should grant summary judgment as to acts alleged in furtherance of the conspiracy that were dismissed on substantive grounds in related defamation counts. The plaintiff contends that these individual statements should be considered in reference to the conspiracy, even though the court has determined them not to be independently actionable, in that they relate to the overall object of the conspiracy which the court has not dismissed.

As the Maryland Court of Appeals stated in *Van Royen v. Lacy*, 262 Md. 94, 97–98, 277 A.2d 13 (1971):

"It would appear to be well settled law in this State that a conspiracy, standing alone, is not actionable. In order for a

civil action for conspiracy to be maintained, there must be, in addition to a confederation of two or more persons, (1) some unlawful act done in furtherance of the conspiracy, and (2) actual legal damage resulting to the victim-plaintiff." (Citations omitted).

Thus, as was stated by Judge Blair in *McLaughlin v. Copeland*, 455 F.Supp. 749 at 752 (D.Del.1978):

"The gravamen of an action in civil conspiracy is not the conspiracy itself but the underlying wrong which would be actionable absent the conspiracy." (Applying Maryland law).

█ Applying this logic to the present case, it is apparent that the acts alleged in furtherance of the conspiracy must be "unlawful" acts. Thus the defendants are entitled to summary judgment as to statements alleged which have already been held to be non-tortious on substantive grounds.

### II. Allegations Dismissed on Statute of Limitations Grounds

█ A question still exists as to whether statements which are barred by limitations under defamation counts may nevertheless be considered acts in furtherance of the conspiracy alleged in Count I. The plaintiff's argument on this point is that these statements are theoretically "actionable", yet have been dismissed for policy reasons embodied in the one-year statute of limitations governing defamation actions. Thus the plaintiff claims that these statements may be considered acts in furtherance of a conspiracy to defame. The court, however, finds this reasoning unpersuasive, for it would effectively allow the plaintiff to circumvent the defamation limitations policy by alleging a conspiracy to defame. The court finds that acts alleged in furtherance of a civil conspiracy must be independently actionable at the time the action is brought.

---

1. Specifically the defendants' Motion alleges the claims set forth in paragraph 18; paragraph 19(a), (e), (j), (k) and (q); paragraph 20(a) and (b); paragraph 21(a), (b) and (c); and paragraph 22(b) and (c).

2. Paragraph 18; paragraph 19(j) and (q); paragraph 20(a) and (b); paragraph 21(a) and (b); and paragraph 22(b) and (c).

3. Paragraph 19(a), (e) and (k); and paragraph 21(c).

Accordingly, those statements held to be barred by limitations in defamation counts may not be considered as acts in furtherance of the civil conspiracy alleged in Count I.

### III. Conclusion

For the above reasons, it is ORDERED this 1st day of April, 1980, by the United States District Court for the District of Maryland, that, Partial Summary Judgment will be entered for all defendants as to acts alleged in paragraph 18; paragraph 19(a), (e), (j), (k), and (q); paragraph 20(a) and (b); paragraph 21(a), (b), and (c); and paragraph 22(b) and (c) of Count I of the Amended Complaint.