Anthony J. SCHERER, Jr.,
Plaintiff–Appellant,

v.

David J. BALKEMA, et al.,
Defendants–Appellees.

No. 87–1240.

United States Court of Appeals,
Seventh Circuit.

Argued Oct. 29, 1987.

Decided Feb. 9, 1988.

**438**

Carl M. Walsh, Chicago, Ill., for plaintiff-appellant.

William F. Murphy, Asst. U.S. Atty., Anton R. Valukas, U.S. Atty., Chicago, Ill., for defendants-appellees.

Before BAUER, Chief Judge, and CUDAHY and POSNER, Circuit Judges.

BAUER, Chief Judge.

Anthony J. Scherer, Jr. was a federally licensed firearms dealer in the 1960s and early 1970s. The subject of government surveillance for a number of those years, he was convicted in 1974 for violating federal laws and regulations governing firearms dealers. *See United States v. Scherer*, 523 F.2d 371 (7th Cir.1975), *cert. denied*, 424 U.S. 911, 96 S.Ct. 1108, 47 L.Ed.2d 315 (1976). During and since that

period, Scherer persistently challenged in federal court his treatment by government officials, particularly by agents of the United States Department of the Treasury's Bureau of Alcohol, Tobacco, and Firearms (BATF).[1] This action is Scherer's latest challenge. Scherer's amended complaint[2] alleges that forty-nine federal agents, most from the BATF, conspired from 1963 to 1979 to deprive him of his constitutional rights by engaging in a pattern of attempted entrapment, illegal searches and seizures, perjury, the destruction of evidence, and the withholding of documents. Scherer seeks compensatory and punitive damages under 42 U.S.C. §§ 1983, 1985(3), and 1986, and the second, fourth, fifth, eighth, ninth, and fourteenth amendments.

The district court, after reviewing various defendants' motions to strike or dismiss Scherer's allegations, along with Scherer's responses, dismissed the entire suit. The court dismissed Scherer's claims under 42 U.S.C. §§ 1983, 1985(3), and 1986, and 28 U.S.C. § 1343 because he failed to allege sufficiently any state action or racial or class discrimination. The court also dismissed Scherer's *Bivens* claims.[3] It first held that, because damages in a civil conspiracy action run separately from each overt act (and not from the mere continuance of the conspiracy) and that each overt act therefore triggers its own limitations period, the applicable statute of limitations barred most of Scherer's allegations.[4] It

1. *See, e.g., Scherer v. Brennan*, 266 F.Supp. 758 (N.D.Ill.1966); *Scherer v. Brennan*, 379 F.2d 609 (7th Cir.1967); *Scherer v. Morrow*, 401 F.2d 204 (7th Cir.1968), *cert. denied*, 393 U.S. 1084, 89 S.Ct. 868, 21 L.Ed.2d 777 (1969); *Scherer v. Kelley*, 584 F.2d 170 (7th Cir.1978); *United States v. Scherer*, 523 F.2d 371 (7th Cir.1975), *cert. denied*, 424 U.S. 911, 96 S.Ct. 1108, 47 L.Ed.2d 315 (1976); *United States v. Scherer*, 673 F.2d 176 (7th Cir.), *cert. denied*, 457 U.S. 1120, 102 S.Ct. 2935, 73 L.Ed.2d 1334 (1982). This list is by no means exhaustive.

2. Scherer filed his original complaint on September 9, 1979. No action was taken, however, pending resolution of another matter before the same district court judge. Scherer filed his amended complaint on November 19, 1985.

3. *In Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91

S.Ct. 1999, 29 L.Ed.2d 619 (1971), the Supreme Court permitted a damages action against federal defendants alleged to have violated the fourth amendment. In *Davis v. Passman*, 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979), the Court extended *Bivens* to fifth amendment due process claims. Although the Court has yet to decide whether *Bivens* applies to all the constitutional provisions upon which Scherer relied in his complaint, (*cf. Gibson v. United States*, 781 F.2d 1334, 1341–42 (9th Cir.1986) (extending *Bivens* to first amendment)), because Scherer alleged mostly fourth and fifth amendment violations, the district court construed the amended complaint as alleging a valid *Bivens* action for purposes of the defendants' motions to dismiss.

4. The district court, after an extensive analysis, applied a five-year statute of limitations to Scherer's allegations. Scherer does not dispute that application on appeal.

next held that Scherer failed to allege sufficiently that the defendants fraudulently concealed information from him, an allegation which, if successful, would have tolled the statute of limitations. Finally, the court held that Scherer's remaining timely allegations failed to allege sufficiently that the defendants conspired to deprive him of his constitutional rights.

Scherer contends on appeal that the district court erred in dismissing most of his *Bivens* allegations as time-barred, and in holding that his remaining allegations failed to allege sufficiently a conspiracy on the part of defendants. We reject the former argument, accept the latter, yet affirm the dismissal of his timely allegations on other grounds.

## I.

### A.

█ Scherer's first argument is that a civil conspiracy action accrues in its entirety upon the occurrence of the last act in furtherance of the conspiracy. He claims that because he alleged some overt acts in furtherance of defendants' conspiracy within the limitations period, he can recover damages for alleged constitutional violations occurring before this period, even though recovery would be time-barred if those violations were sued upon individually.

The Ninth Circuit recently rejected this argument in *Gibson v. United States,* 781 F.2d 1334 (9th Cir.1986), *cert. denied,* — U.S. ——, 107 S.Ct. 928, 93 L.Ed.2d 979 (1987), a civil conspiracy action similar to this one. Applying what it called the "last overt act doctrine" to the plaintiff's "farrago of allegations against numerous federal and local officials," *id.* at 1340, the court in *Gibson* held that

> "[i]njury and damage in a civil conspiracy action flow from the overt acts, not from 'the mere continuance of a conspiracy.'" *Kadar Corp. v. Milbury,* 549 F.2d 230, 234 (1st Cir.1977) (quoting *Hoffman v. Halden,* 268 F.2d 280, 303 (9th Cir.1959). Consequently, the cause of action runs separately from each overt act that is

alleged to cause damage to the plaintiff, *Lawrence v. Acree,* 665 F.2d 1319, 1324 (D.C.Cir.1981) (per curiam), and "[s]eparate conspiracies may not be characterized as a single grand conspiracy for procedural advantage." *Fitzgerald v. Seamans,* 553 F.2d 220, 230 (D.C.Cir. 1977). Accordingly, plaintiffs may recover only for the overt acts ... that they specifically alleged to have occurred within the ... limitations period. *Multidistrict Vehicle Air Pollution,* 591 F.2d 68, 71 (9th Cir.), *cert. denied,* 444 U.S. 900, 100 S.Ct. 210, 62 L.Ed.2d 136 (1979).

*Id.* Other circuits, as the district court below noted, also apply this rule in civil conspiracy actions, *see e.g., Lawrence,* 665 F.2d at 1324 (D.C.Cir.1981) (per curiam); *Singleton v. City of New York,* 632 F.2d 185, 192–93 (2d Cir.1980), *cert. denied,* 450 U.S. 920, 101 S.Ct. 1368, 67 L.Ed.2d 347 (1981); *Kadar Corp.,* 549 F.2d at 234–35 (1st Cir.1977); *Mizell v. North Broward Hospital Dist.,* 427 F.2d 468, 475 (5th Cir. 1970), and district courts in still other circuits have done the same, *see McKelvey v. Marriot Corp.,* 488 F.Supp. 345, 346 (D.Md. 1980); *Safeguard Mutual Insurance Co. v. Miller,* 477 F.Supp. 299, 308 (E.D.Pa. 1979); *see also Creative Environments, Inc. v. Estabrook,* 491 F.Supp. 547, 554 (D.Mass.1980), *aff'd.,* 680 F.2d 822 (1st Cir.), *cert. denied,* 459 U.S. 989, 103 S.Ct. 345, 74 L.Ed.2d 385 (1982).

Unfortunately, some courts have used the phrase "last overt act" in different contexts and Scherer, as he did in the district court, claims these cases support his interpretation of the "last overt act" doctrine. For example, Scherer professes to find an ally in *Baker v. F & F Investments,* 420 F.2d 1191 (7th Cir.1970), a civil conspiracy action in which we stated that "the limitations periods commence to run from the last overt act of the conspiracy, permitting plaintiffs to recover 'for damages suffered within the damage period as a result of an overt act repetitious of the unlawful pre-[limitation] period acts occurring in the damage period.'" *Id.* at 1200 (quoting *Hazeltine Research, Inc. v. Zenith Radio Corp.,* 418 F.2d 21, 25 (7th Cir.1969)). In *Baker,* however, we focused on a series of

continuing contractual relationships between the plaintiffs and defendants. Because of the "continuing nature" of the installment purchase contracts involved there, we held that the termination, not the execution, of the contracts was the last overt act for limitations purposes. We still applied the limitations period to each individual contract. *See id.* *Baker,* therefore, does not support Scherer's position, nor, as the district court concluded, do any of the other cases he offers.[5]

■ A rule allowing plaintiffs in civil conspiracy actions to recover only for overt acts alleged to have occurred within the applicable limitations period makes sense. The function of statutes of limitations is " 'to pull the blanket of peace over acts and events which have themselves already slept for the statutory period, thus barring proof of wrongs imbedded in time-passed events.' " *In re Multidistrict Vehicle Air Pollution,* 591 F.2d 68, 72 (9th Cir.1979) (quoting *Poster Exchange, Inc. v. National Screen Service Corp.,* 517 F.2d 117, 127 (5th Cir.1975), *cert. denied,* 423 U.S. 1054,

96 S.Ct. 784, 46 L.Ed.2d 643 (1976)). Thus, characterizing the defendants' separate wrongful acts as having been committed in furtherance of a "continuing" conspiracy should not postpone accrual of damage claims based on individual wrongful acts.[6] As the Second Circuit has noted,

the crucial time for accrual purposes is when the plaintiff becomes aware that he is suffering from a wrong for which damages may be recovered in a civil action. To permit him to wait and toll the running of the statute simply by asserting that a series of separate wrongs were committed pursuant to a conspiracy would be to enable him to defeat the purpose of the time bar, which is to preclude the resuscitation of stale claims.

*Singleton,* 632 F.2d at 192.[7] We agree.

**B.**

■ Scherer next argues that the statute of limitations was tolled with respect to his otherwise time-barred allegations because the defendants fraudulently concealed information from him and thereby prevented

---

**5.** For example, in *Hazeltine,* the case we quoted in the *Baker* passage upon which Scherer relies, we held that where " 'repeated and measurable invasion of a plaintiff's rights occurs both outside the statutory period and also within it, the fact that some of the injury and damage occurred outside the statutory period does not affect the plaintiff's right to recover for the separate invasion of its rights which occurred within the period.' " 418 F.2d at 25 (quoting *Hanover Shoe, Inc. v. United Shoe Machinery Corp.* 377 F.2d 776 (3d Cir.1967)). How this supports Scherer is a mystery to us. Similarly, in *Fiswick v. United States,* 329 U.S. 211, 67 S.Ct. 224, 91 L.Ed. 196 (1946), the Supreme Court held that the "last overt act" triggered the statute of limitations in a *criminal conspiracy* action that involved no other charges of substantive crimes. *Fiswick,* therefore does not apply to a civil conspiracy action to recover damages. In *Newman v. Wanland,* 651 F.Supp. 20 (N.D.Ill. 1986), the court cited *Baker* in holding that "the limitations period begins to run from the last overt act of the conspiracy" in a RICO conspiracy claim. *Id.* at 22. The court then found that the complaints alleged overt acts within the two-year statute of limitations applicable to the claim. It is unclear in *Newman,* however, whether all of the alleged overt acts occurred within the two-year limitations period and, therefore, whether the district court concluded that acts alleged to have occurred outside the limitations period were nonetheless not time-

barred because the complaints asserted a "continuing conspiracy." It is, therefore, no help to Scherer. *Buford v. Tremayne,* 747 F.2d 445 (8th Cir.1984), also is unpersuasive. The Eighth Circuit in that case determined which Missouri statute of limitations applied to a civil conspiracy action under section 1983 and found that even the last overt act alleged by the plaintiff occurred outside the limitations period. Although the Eighth Circuit cited *Fiswick, supra,* in stating that "the statute of limitations begins to run from the occurrence of the last overt act resulting in damage to the plaintiff," *id.* at 448, the court did not consider the issue we face here, and we do not read it as supporting Scherer's argument. Finally, *United States v. President,* 591 F.Supp. 1313 (N.D.Ill.1984), is outdated. The authority upon which it relies has been overruled by the *Gibson* case.

**6.** Unless, as with the installment contracts in *Baker,* the wrongful acts themselves are of a continuing nature, which Scherer cannot and does not claim here.

**7.** Indeed, the logical extreme of Scherer's argument is that "a conspiracy action could not be maintained—since no cause of action would have accrued—until it could be told with certainty that the final overt act in furtherance of the conspiracy had been committed." *Kadar,* 549 F.2d at 235.

him from realizing he was injured. He claims that until he obtained documents under the Freedom of Information Act (FOIA), he did not know that certain letters mailed to him were from BATF agents, that undercover BATF agents offered to buy guns from him in an illegal manner, and that documents were withheld from him.

The district court found that Scherer's amended complaint failed to allege adequately the necessary elements of a fraudulent concealment claim,[8] and we agree with its analysis and conclusion that

> [Scherer's] assertions ... are not specific enough to merit relief under the fraudulent concealment doctrine. Plaintiff fails to allege any affirmative misconduct by defendants. Nor does his general statement that he still seeks information, without particular facts showing, for instance, that he has exhausted his remedies under the Freedom of Information Act, demonstrate concealment. Furthermore, plaintiff admits that he knew "certain of the acts" of defendants before the limitations period had expired, Plf. Responses at 8; presumably, he could have litigated them then. The four later-discovered incidents, since they merely amplify the dozens of other allegations in the amended complaint, would not have changed the litigation. Therefore, concluding that plaintiff could have sued on each claim while it was timely, we shall not consider any acts that occurred beyond the limitations period.

We find no error in the district court's dismissal of Scherer's pre-September 9, 1974 allegations.

## II.

Scherer also argues that the district court erred when it found that his remaining timely *Bivens* claims (those based on acts alleged to have occurred within the limitations period) failed to allege suffi-

ciently a conspiracy on the part of the defendants. The district court found that [Scherer's] timely claims include one-paragraph charges of perjury; interference with and searching of a defense witness; destruction of evidence and property; and refusal to disclose materials sought under the Freedom of Information Act. Amended Complaint, ¶¶ 152, 155–57, 160–69. At least some of these acts might violate plaintiff's constitutional rights; thus plaintiff may have met the second element of a *prima facie* case [of conspiracy]. Nowhere, however, does he allege any agreement, either among the defendants or even among others named as perpetrators but not as defendants. Nor could a jury infer such an agreement from plaintiff's mere identification of certain individuals with isolated acts. Thus, we conclude that these allegations fail to allege a civil conspiracy, and we dismiss the amended complaint.

Scherer insists that his amended complaint should be read in its entirety, and that it "shows a continuing agreement and pattern of acts between agents of the federal government to unlawfully interfere with Plaintiff's mail, and attempts to get him to commit unlawful acts." He argues that a jury could infer a conspiracy among defendants from his numerous allegations dating back to the early 1960s.

In *Hampton v. Hanrahan*, 600 F.2d 600 (7th Cir.1979), *rev'd in part on other grounds*, 446 U.S. 754, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980), *reh'g denied*, 448 U.S. 913, 101 S.Ct. 33, 65 L.Ed.2d 1176 (1980), we explained that a civil conspiracy

> is a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damage.

---

**8.** To invoke the fraudulent concealment doctrine, a plaintiff must: (1) "plead with particularity the circumstances surrounding the concealment"; (2) "'state facts showing his due diligence in trying to uncover the facts'"; and

(3) allege facts showing affirmative misconduct on the part of defendants. *Gibson,* 781 F.2d at 1345 (quoting *Rutledge v. Boston Woven Hose & Rubber Co.,* 576 F.2d 248, 250 (9th Cir.1978)); *see also Baker,* 420 F.2d at 1100.

*Id.* at 620–21. Thus, to establish a prima facie case of a civil conspiracy, a plaintiff must show (1) an express or implied agreement among defendants to deprive plaintiff of his or her constitutional rights and (2) actual deprivations of those rights in the form of overt acts in furtherance of the agreement. As noted, because the plaintiff's damages in a civil conspiracy flow from the overt acts, the statute of limitations analysis applies to the latter element, barring recovery for acts alleged to have occurred outside the limitations period.

■ It does not follow, however, that the statute of limitations excludes those same allegations from the determination of whether an agreement existed. To permit the statute of limitations to bar consideration of allegations from which a jury could infer an agreement would prevent recovery for damages suffered within the limitations period merely because the defendants formed their agreement too early. Indeed, crafty conspirators could agree to injure and then wait out the statutory limitations period before inflicting the injury to avoid civil liability for their conduct. This is wrong. If a plaintiff is injured within the applicable limitations period by an act committed in furtherance of a civil conspiracy entered into outside that period, he should be able to recover for that injury. *See Hazeltine,* 418 F.2d at 25. Necessarily, he must be able to prove the agreement. In short, the agreement and the overt acts causing damage are separate components of a civil conspiracy. The statute of limitations applies to the latter; the district court erred in applying it to the former.

### III.

Nevertheless, dismissal of Scherer's remaining *Bivens* allegations is warranted. The defendants have raised a number of other grounds for dismissal both in the district court and on appeal, none of which Scherer finds worthy of reply. We, however, find them persuasive.[9]

■ First, some of Scherer's timely claims are precluded by the doctrine of collateral estoppel, which forecloses relitigation of a matter that has been litigated and decided. *Migra v. Warren City School Dist. Bd. of Ed.,* 465 U.S. 75, 77, n. 1, 104 S.Ct. 892, 894, n. 1, 79 L.Ed.2d 56 (1984). In general, collateral estoppel, which may be applied in civil trials to issues previously determined in a criminal conviction, *Otherson v. Department of Justice,* 711 F.2d 267, 271 (D.C.Cir.1983), precludes relitigation of issues when "(1) the party against whom the doctrine is asserted was a party to the earlier proceeding; (2) the issue was actually litigated and decided on the merits; (3) the resolution of the particular issue was necessary to the result; and (4) the issues are identical." *Kunzelman v. Thompson,* 799 F.2d 1172, 1176 (7th Cir.1986). The policy underlying the doctrine is that "one fair opportunity to litigate an issue is enough." *Bowen v. United States,* 570 F.2d 1311, 1322 (7th Cir.1978).

This once-is-enough doctrine applies to some of Scherer's timely allegations. First, Scherer alleges that on or about November, 1975, a Mr. Rivard, who is not a defendant, falsely testified that he (Rivard) had made no written reports of his dealings with Scherer, but that BATF had copies of such reports which were not made available to Scherer at trial. In *United States v. Sherer,* 622 F.2d 592 (7th Cir.) (Unpublished Order, May 21, 1980), *cert. denied,* 449 U.S. 873, 101 S.Ct. 214, 66 L.Ed.2d 94 (1980), we addressed this same contention and found that there was "no basis for [Scherer's] allegations of perjury or failure to disclose evidence." Second, Scherer alleges that a statement used as evidence at his trial, identified as Exhibit 30, said to have been made by defendant Jorgenson on October 5, 1972, "was found in May, 1979 to have been made at a different date and the contents of the statements were changed." In *United States v. Scherer,* 673 F.2d 176, 179 (7th Cir.), *cert. denied,* 473 U.S. 1120, 102 S.Ct. 2935, 73 L.Ed.2d 1334 (1982), we dealt with the same allegation concerning the very same exhibit and

**9.** We, of course, may rely on these grounds for affirmance, whether or not passed upon by the district court. *City of Milwaukee v. Saxbe,* 546 F.2d 693, 704 (7th Cir.1976).

found that it could not support a perjury claim, nor could it prejudice Scherer's ability to conduct his defense. Finally, Scherer alleges that on or about 1976, BATF agents destroyed evidence that would have shown the illegality of a search warrant. Scherer does not identify the alleged destroyed evidence or the relevant search warrant, he merely asserts this conclusion of law based upon his characterization of an unknown object. In any case, Scherer made this same allegation in his complaint filed in 1979. In *United States v. Scherer*, 673 F.2d 176 (7th Cir.), *cert. denied*, 457 U.S. 1120, 102 S.Ct. 2935, 73 L.Ed.2d 1334 (1982), we considered, three years later, all of Scherer's illegal search and seizure arguments and rejected them. *Id.* at 178–80, 180–82. In addition, if Scherer is attempting to vitiate the search warrant in his criminal case, we have already held on direct appeal that probable cause existed to support that search warrant. *See Scherer*, 673 F.2d at 181. Each of these allegations thus were fully litigated in prior proceedings in this court involving the same parties and therefore cannot be relitigated under the doctrine of collateral estoppel.

 The bulk of Scherer's remaining timely allegations concern his attempts to obtain information from the defendants under FOIA. Scherer, however, does not allege that he exhausted his remedies under FOIA. In the absence of such an allegation, he states no claim upon which relief can be granted. *Hedley v. United States*, 594 F.2d 1043 (5th Cir.1979). Nor does this allegation identify a violation of a constitutional right. *See Fendler v. U.S. Parole Commissioner*, 774 F.2d 975, 980 (9th Cir. 1985). Scherer's sole remaining timely allegation, that BATF agents in 1976 destroyed property belonging to Scherer, despite a hold on this property, is moot because it is subject to a Hold Harmless Agreement entered into by Scherer as part of his settlement in *United States v. Miscellaneous Firearms*, No. 74 C 877 (N.D. Ill.).

For these reasons, we hold that that dismissal of the entire amended complaint was appropriate because Scherer has failed to state a claim upon which relief can be granted.

The district court is

Affirmed.