862 F.2d 870
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ronald Leroy HOWARD, Plaintiff-Appellant,
v.
Matthew P. BANGS, personal & official capacity; Henry
Hudson, Commonwealth Attorney of Arlington, personal &
official capacity; William Shelton, Detective, personal &
official capacity; Howard Crawford Vick, Jr., Assistant
Commonwealth Attorney, personal & official capacity;
William S. Fields, Assistant Commonwealth Attorney, personal
& official capacity, Defendants- Appellees.
 No. 88-7201.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Aug. 26, 1988.
Decided: Nov. 15, 1988.
 
 Ronald Leroy Howard, appellant pro se.
 Lynne Fleming (Crews & Hancock); Ara Loris Tramblain (County Attorney's Office); Carolyn Smith Motes (Motes, Fite & O'Brien), for appellees.
 Before K.K. HALL, JAMES DICKSON PHILLIPS and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Ronald Leroy Howard, a Virginia inmate convicted in 1982 of two counts of robbery and two counts of using a firearm in the commission of a felony, filed this suit on August 27, 1987* pursuant to 42 U.S.C. Secs. 1983 and 1985(2). Howard named as defendants the court-appointed attorney who represented him in the 1982 trial, three representatives of the commonwealth attorney's office which had prosecuted him, and a police detective who participated in the investigation into the charges against Howard. The complaint alleged that the defendants conspired to deprive Howard of his constitutional rights by (1) denying him the right to call a witness at a pretrial suppression hearing; (2) denying him access to exculpatory evidence consisting of statements given by the witness to police; and (3) purposefully eliciting perjurious testimony from the witness as trial. The district court dismissed Howard's claims based upon the applicable statute of limitations. We affirm.
 
 
 2
 The record reveals that Howard became aware of his cause of action at the latest on January 23, 1985, the date a state habeas corpus proceeding was conducted regarding his claims. Thus, his cause of action accrued no later than January 23, 1985, see Cox v. Stanton, 529 F.2d 47, 50 (4th Cir.1975), rendering his civil rights action untimely.
 
 
 3
 The record supports the district court's conclusion that nothing tolled the limitations period. Howard's claims of conspiracy and fraud upon the trial court were insufficient to toll the limitations period, as they did not delay his awareness of the cause of action beyond January 23, 1985, or prevent him from filing the suit immediately after accrual of the cause of action. See Scherer v. Balkema, 840 F.2d 437, 439-41 (7th Cir.), cert. denied, 56 U.S.L.W. 3831 (U.S. June 6, 1988) (No. 87-1675); Weinberger v. Retail Credit Co., 498 F.2d 552 (4th Cir.1974). Nor did the activities complained of constitute a continuing wrong. See Ocean Acres Ltd. Partnership v. Dare County Bd. of Health, 707 F.2d 103, 106 (4th Cir.1983). Finally, the pendency of Howard's state habeas corpus action did not suspend the running of the statute of limitations. Board of Regents v. Tomanio, 446 U.S. 478, 490-91 (1980); Preiser v. Rodriquez, 411 U.S. 475, 499 n. 14 (1973).
 
 
 4
 The decision of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not significantly aid our resolution of the issues.
 
 
 5
 AFFIRMED.
 
 
 
 *
 Although Howard's Sec. 1983 complaint was stamped "filed" by the district court on August 27, 1987, the complaint was received by that court on July 2, 1987. Howard claimed that he filed the suit on June 30, 1987