**Alfredo CARREON, et al.**

v.

**Leroy BAUMANN, et al.**

**No. 90 C 0514.**

United States District Court,
N.D. Illinois, E.D.

Oct. 16, 1990.

A. Boddie, Chicago, Ill., for plaintiffs.

Kelly R. Welsh, Corp. Counsel by Thaddeus S. Machnik, Asst. Corp. Counsel, Chicago, Ill., for defendants.

## ORDER

BUA, District Judge.

This case involves claims made under 42 U.S.C. § 1983 against two Chicago police officers and another individual. Plaintiffs Alfredo Carreon, Javier Marchan, Etelvina Jiminez, and Robert Jimenez assert in Count I of their amended complaint that defendant police officers Leroy Baumann and Eugene Simpson along with Robert Williamson violated their fourth, fifth and fourteenth amendment rights. In Count II, plaintiffs allege that Simpson and Williamson violated 42 U.S.C. § 1983 by using excessive force. In Count III, plaintiffs allege a conspiracy to conceal in violation of 42 U.S.C. § 1983. Plaintiffs assert a battery claim in Count IV. Defendant police officers have moved to dismiss plaintiffs' fifth amendment claims, Count III, and Count IV as it relates to Leroy Baumann. For the reasons stated below, defendants' motion is granted with respect to plaintiffs' fifth amendment claims and Count IV as it relates to Leroy Baumann. However, their motion is denied with respect to Count III.

■ Plaintiffs' fifth amendment claims are dismissed with the agreement of both parties. The Due Process Clause of the Fifth Amendment only applies to federal officials. *Johnson v. Carroll,* 694 F.Supp. 500, 504 (N.D.Ill.1988). Because defendants Baumann and Simpson are state officials, due process claims under the Fifth Amendment cannot be pursued against them.

■ The battery claim in Count IV is dismissed as it relates to Leroy Baumann. Plaintiffs have not shown that Baumann played any part in the alleged battery. Plaintiffs must either establish that Baumann made physical contact or that Baumann somehow incited, aided, abetted, or acted in furtherance of a common plan to make physical contact in order to bring a battery claim against him. *Sklan v. Smolla,* 95 Ill.App.3d 658, 51 Ill.Dec. 161, 164, 420 N.E.2d 575, 578 (1981). Plaintiffs' complaint does not allege that Baumann pursued or beat plaintiffs. Moreover, the facts as alleged in plaintiffs' complaint place Baumann no where near the site of the alleged beating, thus giving him no opportunity to incite, aid or abet. As plaintiffs have failed to make the requisite showing, their battery claim against Leroy Baumann is dismissed.

■ In Count III, plaintiffs claim that defendants conspired to conceal and cover-up in violation of 42 U.S.C. § 1983. To plead a § 1983 conspiracy, plaintiffs must allege (1) an express or implied agreement among defendants to deprive plaintiff of his constitutional rights and (2) deprivation

of those rights in the form of overt acts in furtherance of an agreement. *Scherer v. Balkema,* 840 F.2d 437 (7th Cir.), *cert. denied,* 486 U.S. 1043, 108 S.Ct. 2035, 100 L.Ed.2d 620 (1988). Both elements are satisfactorily pled in this case. In ¶ 22 of the complaint, plaintiffs allege overt acts leading to a deprivation of constitutional rights: defendants "prepared and/or delivered and/or witnessed false and/or misleading and/or incomplete reports regarding the events that occurred on or after July 26, 1989." This recitation of overt acts in combination with plaintiffs' allegation in ¶ 21 that defendants "conspired together to conceal and cover-up the facts surrounding violations of Plaintiffs' constitutional rights" also establishes the agreement element. An implied agreement can be garnered from the nature of the conspiracy, a cover-up, which necessarily involves actions undertaken with a mutual understanding to advance a common objective. The connection that exists between the acts allegedly performed in furtherance of the conspiracy provides further support of the agreement element. Since plaintiffs have sufficiently alleged the existence of a conspiracy, defendants' motion to dismiss the conspiracy count is denied.