25 F.3d 1053
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Michael C. ANTONELLI, Plaintiff/Appellant,
v.
EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS, Defendant/Appellee.
 No. 92-2416.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 21, 1994.*
Decided June 6, 1994.
 
 Before FAIRCHILD, FLAUM and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Michael Antonelli sought to file a complaint in forma pauperis in the district court pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. Sec. 552. The district court found the complaint to be defective because it failed to identify the records sought and did not provide information sufficient to show that Antonelli had exhausted his administrative remedies; therefore, the court denied his motion to proceed in forma pauperis. However, the district court stated that if Antonelli filed an amended complaint within twenty days, it would reconsider his motion to proceed in forma pauperis. Seven months later, having received no amended complaint, the court dismissed the action.
 
 
 2
 The district court may dismiss a complaint as frivolous under 28 U.S.C. Sec. 1915(d) if its factual allegations and legal conclusions lack an arguable basis in either law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). We review the district court's determination for abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728 (1992).
 
 
 3
 Antonelli's complaint requests the district court "to issue an order compelling Defendant to permit plaintiff immediate access to certain requested records." Those "certain requested records" are not identified in the record and without such information Antonelli has not presented the court with an arguable basis for relief. An agency's obligation to disclose records is not triggered unless the request reasonably describes those records and is made in accordance with the agency's published rules. 5 U.S.C. Sec. 552(a)(3). Antonelli does not indicate, either in his complaint or on appeal, which records he desires. His complaint references letters that he allegedly sent to the defendant, but those letters were not submitted to the court and the content of those letters was not described. Antonelli also failed to plead that he had exhausted his remedies under FOIA. See Scherer v. Balkema, 840 F.2d 437, 443 (7th Cir.), cert. denied, 486 U.S. 1043 (1988). Furthermore, the district court instructed Antonelli (by reference to an order in one of Antonelli's simultaneous FOIA cases) on the nature of the information required and afforded him an opportunity to amend his complaint. Antonelli did not respond to the district court's invitation to preserve his claims, and the district court properly entered judgment against him.
 
 
 4
 Antonelli argues additionally on appeal that there is a disparity between the treatment he has received regarding the suits he has filed in the Northern District of Illinois and his suits in the District of Columbia Circuit. According to his brief, the District of Columbia Circuit allowed Antonelli to proceed in forma pauperis. We do not find this argument to be a basis for reversal.
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs