124 F.3d 204
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
David R. JOHNSON, Plaintiff-Appellant,
v.
The STATE of Illinois, et al., Defendants-Appellees.
 No. 96-4102.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 15, 1997.*
Decided July 15, 1997.
 
 1
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.
 
 ORDER
 
 2
 David R. Johnson filed a pro se civil rights complaint (pursuant to 42 U.S.C. §§ 1983 and 1985(3)) on February 28, 1995, alleging that the defendants took and conspired to take his tax refunds and income in order to satisfy a nonexistent child support order. Johnson amended his complaint in June 1996.[1] Defendants filed motions to dismiss, to which Johnson responded with several submissions. The district court determined that, under the Rooker-Feldman doctrine,[2] it lacked subject matter jurisdiction over Johnson's claims, and that the statute of limitations barred those claims. The district court thus dismissed the case with prejudice. Johnson appeals.
 
 
 3
 We need not address whether the district court was correct to dismiss on Rooker-Feldman grounds, because we agree that the statute of limitations barred Johnson's complaint.[3] See Isby v. Bayh, 75 F.3d 1191, 1196 (7th Cir.1996) (bypassing a jurisdictional issue and proceeding to the merits where there was no practical difference in the outcome). The statute of limitations for §§ 1983 and 1985 claims arising in Illinois is two years. See Kelly v. City of Chicago, 4 F.3d 509, 511 (7th Cir.1993) (citations omitted). That means that Johnson's claims must have accrued within two years prior to filing the complaint--i.e., after February 28, 1993. The claims accrued when Johnson knew or should have known that his constitutional rights had been violated. See id. (quoting Wilson v. Giesen, 956 F.2d 738, 740 (7th Cir.1992).
 
 
 4
 Johnson alleges that defendants intercepted his tax refunds each year from 1990 to 1992 to satisfy the nonexistent order of child support. He also asserts it took him until March 8, 1994--when a state court hearing officer recommended that tax refunds be returned to him--to discover that no child support order had been entered against him. However, it is apparent (from exhibits he submitted to the district court) that he believed, and had reason to believe, well before March 1994 that there was no child support order. In May 1992, a Cook County circuit court noted "the assertion of David Johnson that a child support order has never been entered in this case." That court also had already noted the absence of a child support order in January 1992, and had ordered, in March 1992, that the Illinois Department of Public Aid and other agencies could not submit Johnson's name to revenue authorities in order to intercept his tax refunds, given that there was no child support order in the court file. Even assuming that it was reasonable for Johnson not to know about the nonexistence of a child support order prior to 1992, he certainly knew or should have known it in 1992.
 
 
 5
 Johnson contends that his claims accrued within the limitations period because defendants withheld his wages for alleged past due child support on August 15, 1996, and therefore were engaging in a continuing violation or an ongoing conspiracy. However, defendants' act in August 1996 occurred more than four years after the last attempt to intercept Johnson's money. A continuing violation requires a pattern of violations that alert a plaintiff to a cause of action over time rather than at the time of each violation. See Galloway v. General Motors Serv. Parts Operations, 78 F.3d 1164, 1167 (7th Cir.1996); Selan v. Kiley, 969 F.2d 560, 565-66 (7th Cir.1992). In Johnson's case, there was no such pattern of violations, at least after 1992. Likewise, a civil conspiracy does not accrue upon the occurrence of the last act in furtherance of the conspiracy; rather it accrues when "when the plaintiff becomes aware that he is suffering from a wrong for which damages may be recovered in a civil action." Scherer v. Balkema, 840 F.2d 437, 439-40 (7th Cir.) (quotation omitted), cert. denied, 486 U.S. 1043 (1988); see also Wilson, 956 F.2d at 740. At latest, Johnson became aware of the alleged wrong in 1992--well outside of the limitations period.
 
 
 6
 The judgment is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [1]
 The defendants named in the amended complaint are "the State of Illinois, Cook County and State Attorney Office and It[s] Directors, Division, Department[,] and / or Bureau of Public Aid, Child Support Enforcement, Lynne West Yarber, Robert W. Wright, Robert M. Shifter, Phil Bradley, Faith Richard[,] C. Basque[,] and State Attorneys Jack O'Mally, Leonaed N. Foster" [sic]
 
 
 [2]
 See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923)
 
 
 [3]
 We note that Johnson asserts that the district court committed procedural as well as substantive error. He contends that the district court "locked out" three of his "motions," and that this "lock out" caused the district court to enter an order in favor of the defendants. The action to which Johnson refers did not have such drastic consequences. The district court merely directed the clerk "to administratively close out" three docket numbers because "[t]hese items are part of plaintiff's response to defendant[s'] motions to dismiss." Such language does not suggest that the district court refused to accept the three submissions, and, if anything, indicates that the district court did consider the submissions when deciding the motions to dismiss