NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 9, 2016[*]
Decided November 10, 2016

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 16-1876

| | |
|---|---|
| TIMOTHY L. HOELLER, <br> *Plaintiff-Appellant*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 15-C-1553 |
| SOCIAL SECURITY ADMINISTRATION, <br> *Defendant-Appellee*. | C.N. Clevert, Jr., <br> *Judge*. |

**O R D E R**

Timothy Hoeller seeks documents from the Social Security Administration under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, but the district court dismissed this suit because Hoeller failed to exhaust his administrative remedies before suing. Hoeller filed a post-judgment motion to reconsider, arguing that *after* he filed suit he had exhausted, but the district court denied that motion. Hoeller timely appealed only

---

[*] We have unanimously agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. See FED. R. APP. P. 34(a)(2)(C).

the denial of his post-judgment motion, and so we limited his appeal to that decision. Because the district court did not abuse its discretion in denying that motion, we affirm.

Hoeller mailed a request to the Social Security Administration on December 29, 2015, seeking documents related to an order to garnish his disability benefits to pay his child-support obligations. Rather than wait for a response, Hoeller filed this suit for those documents the same day. The district court dismissed the suit two days later, concluding that Hoeller had not exhausted his administrative remedies. It reasoned that an agency has 20 days to respond after receiving a FOIA request and the Administration likely had not even received Hoeller's request, much less had time to respond, when Hoeller filed this suit.

More than 28 days after judgment, Hoeller moved for reconsideration. He argued that he had yet to receive a reply from the Administration to his FOIA request, and now that more than 20 days had elapsed since he mailed it, he had exhausted. The district court denied Hoeller's motion because, despite the absence of a reply, the fact remained that Hoeller had failed to exhaust at the time that he had filed suit.

On appeal Hoeller repeats that he has exhausted his remedies because, by the time he filed his motion to reopen the judgment, the Administration's time to respond had elapsed. A request to reopen made more than 28 days after judgment, like Hoeller's, requires a showing of exceptional circumstances. FED. R. CIV. P. 60; *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005); *Banks v. Chi. Bd. of Educ.*, 750 F.3d 663, 668 (7th Cir. 2014). The district court did not abuse its discretion in concluding that Hoeller has not made that demanding showing. See *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 953 (7th Cir. 2013).

Exhaustion of administrative remedies is a prerequisite to filing a FOIA suit; exhaustion cannot be satisfied during an already-filed suit. See *Scherer v. Balkema*, 840 F.2d 437, 443 (7th Cir. 1988) (affirming dismissal for failure to state a claim where appellant failed to exhaust remedies under FOIA before filing suit). As courts have explained in analogous contexts, exhaustion must be completed *before* initiating suit in order to realize the goal of allowing administrative remedies to relieve the burden of litigation on the courts. See *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (requiring prisoners to exhaust administrative remedies, as required by the Prison Litigation Reform Act, before filing suit); *McNeil v. United States*, 508 U.S. 106, 111–13 (1993) (holding that the Federal Tort Claims Act requires full administrative exhaustion before filing suit, not before substantial progress was made in the suit).

Hoeller did not exhaust before he sued, and so the district court properly refused to reopen his case.

AFFIRMED.